# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MECHANICAL AIR SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-375-RAW |
| | ) | |
| CROSSLAND CONSTRUCTION | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of the plaintiff for partial summary judgment. This action commenced in the District Court of Pontotoc County, when plaintiff filed a state court petition. Defendants removed the action to this court on October 5, 2017. The plaintiff's allegations are as follows. The Chickasaw Nation hired defendant Crossland Construction Company, Inc., ("Crossland") as the general contractor at two construction projects in Ada, Oklahoma. The two projects were the Chickasaw Nation Women's Recovery Center ("WRC") and the Chickasaw Nation Violence Prevention Center ("VPC") In connection with the two projects, a Payment Bond was issued to ensure that Crossland would pay for labor, materials and equipment furnished for use. Co-defendants Federal Insurance Company and Fidelity and Deposit Company of Maryland were sureties on the bond.

In April, 2016, two subcontract agreements were entered into between Crossland and plaintiff, wherein Crossland hired plaintiff to provide the heating, ventilating and air-conditioning ("HVAC") labor and materials in regard to the construction projects. Plaintiff alleges that on June 12, 2017, Crossland wrongfully removed plaintiff from the WRC project. On August 14, 2017, Crossland sent notice to plaintiff that plaintiff's right to perform under the WRC contract was terminated.

As to the VPC contract, on July 20, 2017, plaintiff exercised its contractual right to

stop work until it had received all the due and owing progress payments from Crossland. On August 14, 2017, Crossland sent notice to plaintiff that Crossland was terminating plaintiff's right to perform under the VPC contract.

On July 28, 2017, Crossland made unsupported and unjustified claims on plaintiff's performance bond, related to plaintiff's work on the WRC and VPC projects. These claims prevented plaintiff from obtaining bid bonds so that it could bid on other construction projects. Plaintiff brings claims for tortious interference with business relationships based on this factual allegation.

On August 17, 2017, plaintiff timely made a claim against the Payment Bond for its work on the WRC project, and a claim against the Payment Bond regarding its work on the VPC project.

Crossland has filed a counterclaim (#27) against plaintiff for breach of contract and a third-party complaint (#26) against Granite Re, Inc., the surety on payment and performance bonds with plaintiff as principal and Crossland as bond obligee. In the present motion, plaintiff seeks partial summary judgment solely as to Crossland's alleged breach of the VPC contract, as well as that portion of Crossland's counterclaim (#27) regarding plaintiff's alleged breach of the VPC contract. (#59 at 3; #73 at 2).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1186 (10th Cir.2016). The court must view all evidence and draw reasonable inferences

therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1026 (10th Cir.2018).

Plaintiff's first argument is that Crossland is estopped from not paying plaintiff's outstanding pay applications because of prior approvals. The briefing on both sides is somewhat unusual for the minimal citation of case law. Equitable estoppel presents a mixed question of fact and law under Oklahoma law. *Musket Corp. v.. Star Fuel of Okla., LLC,* 606 Fed.Appx. 439, 446 (10th Cir.2015). Factual questions related to estoppel are for the jury to decide. Whether a set of facts gives rise to estoppel is a question of law. *Id.* Here, viewing the record in the light most favorable to Crossland, the court finds sufficient factual dispute that summary judgment is not appropriate.

Next, plaintiff contends that Crossland violated the VPC contract by withholding payment from plaintiff for issues related to the WRC contract. Again, the court finds the factual record insufficiently clear to render summary judgment. Although plaintiff disagrees with the statement, the court is inclined to agree with Crossland that "[b]ecause the parties' conduct regarding the VPC and the WRC Subcontracts is so intertwined, separation of the issues with respect to those contracts is difficult . . . ." (#66 at 16). Indeed, plaintiff provides a heading at one point in its reply: "[Plaintiff's] performance on the VPC – A Tale of Two Stories". (#73 at 3). The court concludes both "stories" should be submitted to the jury for resolution as to whether plaintiff's performance was adequate or deficient.

Finally, so factually detailed is plaintiff's brief that it also argues that the court should direct Crossland to revise its damages model, because Crossland's calculation is incorrect. This request is at best premature, as there are genuine disputes of material fact on this point as well.

It is the order of the court that the motion of the plaintiff for partial summary judgment (#59) is hereby denied.

**ORDERED THIS 23rd DAY OF JULY, 2018.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**