# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

MECHANICAL AIR SYSTEMS, INC.,

    Plaintiff,

v.    Case No. CIV-17-375-RAW

CROSSLAND CONSTRUCTION
COMPANY, INC., et al.,

    Defendants.

## ORDER

    Before the court is the motion of the defendant Crossland Construction Company, Inc. ("Crossland") for partial summary judgment. The basic facts of case are set forth in a companion order. Crossland asks the court to grant summary judgment as to plaintiff's claims for *quantum meruit* or unjust enrichment (Second and Seventh Causes of Action), breach of constructive trust (Fourth and Ninth Causes of Action) and tortious interference with business relationships (Fifth and Tenth Causes of Acton).[*]

    Regarding the equitable claims, defendant notes that, under Oklahoma law, where the plaintiff has a plain, speedy and adequate remedy at law, equity will not intervene in his behalf. Plaintiff responds that a party may plead and prove alternative theories of recovery, and sometimes may even pursue both legal and equitable claims, provided that double recovery is not allowed. Both parties are correct. *See Naylor Farms, Inc. v. Anadarko OGC Co.,* 2011 WL 7267851, *1 (W.D.Okla.2011)(citing cases). As that decision notes, when the legal cause of action is breach of contract, defendant's present argument generally "trumps" the other.

    Plaintiff, however, argues that it performed work "over-and-above" what the contracts

---

[*] Plaintiff's state court petition (#2-2) lists ten causes of action, the same five as to each contract.

required and therefore the equitable claims for *quantum meruit* and/or unjust enrichment should remain at this time. (#67 at 8-9). Crossland did not file a reply brief disputing this argument. Viewing the record in the light most favorable to plaintiff, the motion will be denied in this respect.

Regarding the claims for breach of constructive trust, plaintiff points to the record arguably supporting that Crossland received payment from the Chickasaw Nation for work, but did not pay plaintiff for work plaintiff performed. Again, the court must view the record in the light most favorable to the nonmoving party, and will deny summary judgment.

Finally, defendant contends that summary judgment should be granted as to plaintiff's claims for tortious interference with business relationships because plaintiff cannot establish that Crossland's assertions of bond claims were done with malice and without justification, privilege or excuse. The court is persuaded (viewing the record in the light most favorable to plaintiff) that genuine disputes of material fact exist.

It is the order of the court that the motion of the defendant Crossland for partial summary judgment (#58) is hereby denied.

**ORDERED THIS 23rd DAY OF JULY, 2018.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**